IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

SHAWN C.,                                    :
                                             :
              Plaintiff,                     :
                                             :
      v.                                     :    Case No. 1:25-cv-705
                                             :    Judge Douglas C. Cole
                                             :    Magistrate Judge S. Courter M. Shimeall
COMMISSIONER OF                              :
SOCIAL SECURITY,                            :
                                             :
              Defendant.                     :

REPORT AND RECOMMENDATION

Plaintiff, Shawn C., brings this action under 42 U.S.C. § 405(g) for review of a final

decision of the Commissioner of Social Security ("Commissioner") denying his application for

disability insurance benefits ("DIB").  This matter is before the United States Magistrate Judge for

a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 9), the Commissioner's

Memorandum in Opposition (ECF No. 10), Plaintiff's Reply (ECF No. 11), and the administrative

record (ECF No. 8).  The Undersigned **RECOMMENDS** that the Court **REVERSE** the

Commissioner of Social Security's nondisability finding and **REMAND** this case to the

Commissioner and the ALJ under Sentence Four of § 405(g).

I.      BACKGROUND

Plaintiff applied for benefits in June 2019, alleging disability due to coronary artery

disease, a back injury, depression, and anxiety.  (ECF No. 8, PAGEID ##: 271–72.)  Plaintiff's

application was granted with an onset date of January 4, 2019.  (*See id.* at PAGEID ##: 164–70.)

1

The Commissioner conducted a continuing disability review and determined that Plaintiff's disability ceased on December 5, 2022, because he was medically improved and his medical improvement related to the ability to work. (*Id.* at PAGEID ##: 173–75.)

This determination was upheld upon reconsideration. (*Id.* at PAGEID ##: 199–207.) Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ"). (*Id.* at PAGEID #: 214.) Following a hearing, the ALJ issued a decision finding that Plaintiff's disability ended on December 5, 2022, and he has not become disabled again since that date. (*Id.* at PAGEID ##: at 31–53.) The Appeals Council denied Plaintiff's request for review, and this timely appeal followed. (*Id.* at PAGEID ##: 25–29; ECF No. 1). This matter is properly before this Court for review.

The ALJ found that the most recent decision finding Plaintiff disabled was dated November 20, 2020 (the "comparison point decision" or "CPD"). (ECF No. 8, PAGEID #: 36.) At the time of the CPD, the Plaintiff had the following medically determinable impairments: ischemic heart disease; coronary artery disease; recurrent arrhythmias; arthropathy; degenerative disc disease; and depression. (*Id.*) The ALJ then applied the eight-step evaluation process to determine whether Plaintiff continues to be disabled.[1] Relevant here:

---

[1] Social Security Regulations require ALJs to determine whether a claimant continues to be disabled through an eight-step evaluation of the evidence. *See* 20 C.F.R. § 404.1594(f). If fully considered, the sequential evaluation considers and answers eight questions:

1. Is the claimant engaged in substantial gainful activity? If so, the claimant's disability will be found to have ended.
2. If not, does the claimant have an impairment alone or in combination, meet or equal the severity of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1? If so, the claimant's disability will be found to continue.
3. If not, has there been medical improvement as shown by a decrease in medical severity? If not, the evaluation proceeds to step 5.

2

- <u>Step One</u>: The ALJ determined that Plaintiff had not engaged in substantial gainful activity through October 4, 2024.  (*Id.* at PAGEID #: 36.)

- <u>Step Two</u>: Although Plaintiff had, as of December 5, 2022, the same medically determinable impairments identified in the CPD decision plus neuropathy of the bilateral, the ALJ determined that his impairments did not meet or equal the severity of Listing any impairment listed in 20 CFR Part 404, Subpart P, Appendix 1.  (*Id.*)

- <u>Step Three</u>: The ALJ found that medical improvement had occurred as of December 5, 2022.  (*Id.* at PAGEID #: 39.)

- <u>Step Four</u>: The ALJ found that the Plaintiff's medical improvement was related to the ability to work because it resulted in an increase in the claimant's residual functional capacity (20 CFR 404.1594(c)(3)(ii)).  (*Id.* at PAGEID #: 45.)

- <u>Step Six</u>: Because the ALJ determined that Plaintiff's medical improvement was related to the ability to work, the ALJ proceeded to Step Six and determined that, since December 5, 2022, the Plaintiff has continued to have a severe impairment or combination of impairments.  (*Id.* at PAGEID #: 46.)

At Step Seven, although Plaintiff continued to have a severe impairment as of December 5, 2022, the ALJ determined that he nonetheless had the following residual functional capacity ("RFC"):

---

4. If there has been medical improvement, is it related to the ability of the claimant to do work? If not, the evaluation proceeds to step 5; if so, the evaluation proceeds to step 6.

5. This step contains the exceptions to continuing disability even when no medical improvement is found in step 3 or the improvement is not related to ability to do work in step 4.  If no exceptions apply, the claimant's disability will be found to continue.  If one of the first group of exceptions to medical improvement applies, the evaluation proceeds to step 6.  If an exception from the second group applies, the claimant's disability will be found to have ended.

6. If medical improvement is shown, is the claimant's current impairment nonetheless severe? If not, the claimant's disability will be found to have ended.

7. If the claimant's current impairment is severe, does the claimant nonetheless have the residual functional capacity to perform the claimant's past work? If so, the claimant's disability will be found to have ended.

8. If the claimant is not able to perform his or her past work, can the claimant perform other work? If so, the claimant's disability will be found to have ended. If not, the claimant's disability will be found to continue.

*Johnson v. Sec'y of Health & Human Servs.*, 948 F.2d 989, 991 (6th Cir. 1991).

3

[Plaintiff] has had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except for the following limitations. [Plaintiff] can stand/walk four hours per day and sit six hours per day. [Plaintiff] can climb ramps and stairs occasionally, but can never climb ladders, ropes, or scaffolds. [Plaintiff] can occasionally stoop, kneel, crouch, and crawl. [Plaintiff] must avoid concentrated exposure to extreme cold, extreme heat, high humidity, and other pulmonary irritants, such as fumes, odors, dusts, gases, and poor ventilation. [Plaintiff] must avoid all exposure to dangerous hazards, such as unprotected heights and dangerous machinery. [Plaintiff] is limited to no commercial driving. [Plaintiff] retains sufficient mental capacity to carry out simple, routine tasks in a static setting without demands for fast pace or high production. [Plaintiff] can interact with the public, supervisors, and coworkers on an occasional basis. [Plaintiff] is limited to no tandem tasks and no customer service duties. [Plaintiff] can adapt to occasional workplace changes and perform work activities in a predictable and structured setting. Plus, [Plaintiff] is limited to frequent handling, fingering, and feeling.

(*Id.*)

The ALJ therefore concluded that Plaintiff's disability ended as of December 5, 2022. (*Id.* at PAGEID #: 48.)

## II.      RELEVANT RECORD EVIDENCE

The Undersigned has reviewed the portions of the administrative record relevant to the claimed errors raised by Plaintiff. Rather than summarizing that information here, the Undersigned will refer and cite to it as necessary in the discussion of the parties' arguments below.

## III.      STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by

substantial evidence, shall be conclusive . . . .").  Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial.  The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision.  *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).  Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'"  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices [Plaintiff] on the merits or deprives the claimant of a substantial right."  *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## IV. ANALYSIS

Plaintiff asserts two Statements of Error: (1) the ALJ erred when evaluating medical opinion evidence from Dr. James C. Tanley; and (2) the ALJ erred by failing to recognize the distinction between limiting the *quantity* of time spent with an individual on the one hand, and the

limitation relating to the *quality* of the social interactions on the other.  (ECF No. 9.)  The Undersigned finds Plaintiff's first contention of error to be well-taken.[2]

### A.      Dr. Tanley's Opinion

Plaintiff argues that the ALJ erred when evaluating the opinion of Dr. Tanley.  (ECF No. 9, PAGEID ##: 1022–28.)   Specifically, Plaintiff contends that the ALJ failed to adequately explain the consistency factor when he evaluated the persuasiveness of Dr. Tanley's opinion.  (*Id*.) The governing regulations provide "[t]he factors of supportability[] and consistency[] are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions . . . to be. Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions . . . in your determination or decision." 20 C.F.R. § 404.1520c(b)(2).

Here, the ALJ concluded that Dr. Tanley's opinion was "somewhat persuasive," explaining:

> After his evaluation, Dr. Tanley provided a "functional assessment" in which he indicated the claimant had some limitations across several broad areas of mental functioning that broadly correspond to the Paragraph B criteria. (Exhibit B18F, p. 5-6). This report is somewhat persuasive to the extent that Dr. Tanely [sic] provided rationale citing the claims raised during his evaluation and the record does support some limitations in the areas denoted. However, Dr. Tanley appears to have relied on the claimant's subjective claims as his clinical findings were essentially unremarkable at the time. Then Dr. Tanley's assessment is also overly vague as he did not identify any specific restrictions or even the general severity of restrictions for the areas noted.

(ECF No. 8, PAGEID ##: 44–45.)

---

[2] This finding obviates the need for in-depth analysis of Plaintiff's remaining assignment of error. Thus, the Undersigned need not, and does not, resolve whether Plaintiff's alternative basis supports reversal and remand.  Nevertheless, on remand, the ALJ may consider Plaintiff's remaining assignment of error if appropriate.

Plaintiff does not challenge the ALJ's supportability analysis and discussion as to Dr. Tanley's opinion. Instead, Plaintiff argues that the ALJ inadequately articulated the consistency factor. The Undersigned agrees.

The consistency factor requires an ALJ to consider the degree to which a medical opinion is consistent with evidence from other medical and nonmedical sources. 20 C.F.R. § 404.1520c(c)(2)). "ALJs must provide a 'minimum level of articulation . . . to provide sufficient rationale for a reviewing adjudicator or court.'" *Farrah W. v. Comm'r of Soc. Sec.*, No. 3:22-cv-374, 2024 WL 514496, at *8 (S.D. Ohio 2024) (citation omitted). This analysis does not "require those explanations to contain a specific level of detail, but instead contemplate[s] that the appropriate level of articulation will necessarily depend on the unique circumstances of each claim." *Timothy B. v. Comm'r of Soc. Sec.*, No. 2:22-cv-3834, 2023 WL 3764304, at *7 (S.D. Ohio June 1, 2023) (internal quotations omitted). However, "it is the obligation of the ALJ 'in the first instance to show his or her work, *i.e.*, to explain in detail *how the factors actually were applied* in each case, to each medical source.'" *Scott K. v. Comm'r of Soc. Sec.*, No. 3:21-cv-129, 2022 WL 4484603, at *4 (S.D. Ohio Sept. 27, 2022) (citing *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 909 (E.D. Mich. 2021)).

Here, the ALJ wrote that "the record does support some limitations in the areas denoted" in Dr. Tanley's report. (ECF No. 8, PAGEID #: 44–45.) But the ALJ does not describe or cite the record evidence that the ALJ found to be consistent (or inconsistent) with Dr. Tanley's findings. This type of cursory articulation is not sufficient to satisfy the ALJ's obligation to assure the Plaintiff and a reviewing court that the ALJ applied the consistency factor as contemplated by the

governing law.  "To analyze inconsistency, the ALJ should have explained specific instances of inconsistency in the record, as opposed to a general statement concerning the record as a whole." *Westover v. Comm'r of Soc. Sec.*, No. 4:24-CV-02204-SL, 2025 WL 2611399, at *9 (N.D. Ohio Sept. 9, 2025), *report and recommendation adopted*, 2025 WL 2720743 (N.D. Ohio Sept. 24, 2025); *see also Farrah W.*, 2024 WL 514496, at *7 ("The ALJ did not actually compare [the expert's] opinion to Plaintiff's treatment history. Nor did he compare it to other evidence from other medical sources and nonmedical sources. He therefore did not consider the consistency factor.").

The Commissioner counters that the ALJ summarized Plaintiff's mental impairment treatment earlier in the ALJ's decision and that "[t]his earlier summary of Plaintiff['s] limited and unremarkable mental health treatment shows that the ALJ adequately discussed" the consistency factor as to Dr. Tanley's opinion.[3]  (ECF No. 10, PAGEID #: 1037.)  "The Commissioner's *post hoc* rationalizations, however, cannot be used to justify the ALJ's failure to follow the regulations. It is the job of the ALJ in the first instance to articulate their reasons."  *Shanan M. v. Comm'r of Soc. Sec.*, No. 2:23-CV-1678, 2024 WL 3740443, at *7 (S.D. Ohio Aug. 9, 2024) (finding the ALJ's articulation of the consistency factor inadequate even though the ALJ identified elsewhere in her decision a host of mostly normal examination findings relating to Plaintiff's physical impairments).  The ALJ failed to properly articulate how he considered the consistency factor here.

---

[3] The Commissioner's Memorandum in Opposition states that "[t]his earlier summary of Plaintiff['s] limited and unremarkable mental health treatment shows that the ALJ adequately discussed the *supportability* of Dr. Tanley's opinion."  (ECF No. 10 (emphasis added).)  The Commissioner's reference to the "supportability" factor appears to be a typographical error because the Commissioner makes this statement within the context of countering Plaintiff's argument that the ALJ inadequately articulated the consistency factor.

The Commissioner also argues that the ALJ adequately discussed the supportability factor when evaluating Dr. Tanley's opinion.  (ECF No. 10, PAGEID #: 1036.)  But the ALJ's adequate discussion of the supportability factor does not save his inadequate discussion of the consistency factor.  *Whalen v. Comm'r of Soc. Sec.*, No. 1:24-CV-01928-SL, 2025 WL 1452713, at *17 (N.D. Ohio May 21, 2025) ("An ALJ may discuss one adequately but not the other, thus requiring remand."), *report and recommendation adopted*, 2025 WL 1756524 (N.D. Ohio June 25, 2025).

In short, by not explaining how he considered the factor of consistency when evaluating Dr. Tanley's opinion, the ALJ failed to meet the minimum levels of articulation required by the regulations.  In the absence of the ALJ's proper articulation of the consistency factor, the Court cannot trace the ALJ's path of reasoning.  And, as a result, the Court's ability to determine whether the ALJ's conclusions were supported by substantial evidence has been frustrated.

The ALJ's failure to comply with a legal requirement constitutes reversible error, as the error was not harmless and instead prejudiced Plaintiff on the merits.  *See Rabbers*, 582 F.3d at 654.  Accordingly, Plaintiff's claim of error is well-taken and a remand is justified.

## V.        CONCLUSION

For these reasons, it is therefore **RECOMMENDED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** under Sentence Four of § 405(g).

## VI.        PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**