**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**SHAWN C.,**

**Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

**Case No. 1:25-cv-705**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Shimeall**

## OPINION AND ORDER

Plaintiff Shawn C. asks the Court to reverse the Commissioner of Social Security's final decision denying his application for disability insurance benefits under Sentence Four of § 205 of the Social Security Act. 42 U.S.C. § 405(g). Magistrate Judge Shimeall's Report and Recommendation (R&R) recommends that the Court reverse the decision and remand the case to the Commissioner and the Administrative Law Judge (ALJ). (Doc. 13, #1061). Nobody objected to the R&R within the 14 days of service, so the matter is ripe for the Court's review. Fed. R. Civ. P. 72(b). For the reasons below, the Court **ADOPTS** the R&R (Doc. 13), **REVERSES** the Commissioner's decision, and **REMANDS** the case to the Commissioner and the ALJ under Sentence Four of § 405(g).

## BACKGROUND

Shawn C. filed a claim for disability benefits on January 14, 2019, and in November 2020, an ALJ issued a favorable decision, finding that he had been disabled since January 4, 2019. (Certified Admin. R., Doc. 8, #127). But a couple of years later, things changed. On December 5, 2022, the Social Security Administration (SSA)

notified Plaintiff that it would cease his disability benefits effective February 28, 2023. (*Id.* at #141). On reconsideration, it reached the same result. (*Id.* at #209).

The plaintiff requested a hearing before an ALJ. (*Id.* at #214). But, on October 4, 2024, the ALJ also determined that Plaintiff's disability had ended and denied continuation of benefits. (*Id.* at #48). Plaintiff appealed that decision within the agency, (*id.* at #268–69), but on July 28, 2025, the Appeals Council declined to hear the case, (*id.* at #25–27). It adopted the ALJ's decision as the Commissioner's final decision, so the ALJ's decision provides the basis for review here. (*Id.*).

In that decision, the ALJ performed the eight-step analysis that determines whether a current recipient of disability benefits continues to be disabled under the Social Security Act. (*Id.* at #34–35). The relevant regulation directs ALJs to consider: (1) whether the claimant is engaging in substantial gainful activity; (2) if not, then whether they currently have an impairment or combination of impairments that "meets or equals the severity of an impairment listed" in 20 C.F.R. part 404, subpart P, appendix 1 (appendix 1), 20 C.F.R. § 404.1594(f)(2); (3) if not, then whether they have had medical improvement since the earlier favorable decision; (4) if there has been medical improvement, whether it is related to the claimant's ability to do work—whether their residual functional capacity (RFC) has increased since the most recent favorable decision; (5) if either there has been no medical improvement or if the claimant's RFC has not increased, then whether any of the four exceptions in 20 C.F.R. § 404.1594(e) applies; (6) if there was medical improvement that increased the claimant's RFC, then whether their RFC assessment from step four shows

"significant limitation of [the claimant's] ability to do basic work activities," *id.* § 404.1594(f)(6); (7) if the RFC assessment showed a significant limitation, then whether the claimant can still do work they have done before; and (8) if the claimant cannot do work they have done in the past, whether, based on their age, education, and work experience, they can do other work. *Id.* § 404.1594(f)(1)–(8); *Kennedy v. Astrue*, 247 F. App'x 761, 764–65 (6th Cir. 2007).

At step one of the analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity. (Doc. 8, #36). At step two, he found that, while Plaintiff had the same impairments identified in the earlier favorable decision, even in combination these were not as severe as an impairment listed in appendix 1. (*Id.* at #36–39). At step three, the ALJ found medical improvement. (*Id.* at #39). At steps four and six, he found that Plaintiff's improvement related to his ability to do work and he could perform light work with moderate limitations. (*Id.* at #39–40, 45). And at step eight, the ALJ found, after considering Plaintiff's RFC, age, education, and work experience, that he could work successfully. (*Id.* at #47–48). So, according to the ALJ, "[a] finding of 'not disabled' [was] appropriate." (*Id.* at #48)

The plaintiff timely sought review of the Commission decision in this Court under 42 U.S.C. § 405(g). (*See* Compl., Doc. 6). Under local rules, the Court assigned the matter to a Magistrate Judge. *See* S.D. Ohio Civ. R. 72.2; S.D. Ohio Gen. Order 22-04. In his briefing, Plaintiff identifies two alleged errors in the ALJ's decision. (Statement of Specific Errors, Doc. 9, #1018). Each attacks the ALJ's RFC analysis at steps four, six, and eight, outlined above. First, he argues that the ALJ erred by

insufficiently explaining his evaluation of Dr. Tanley's medical opinion. (*Id.* at #1018). Specifically, Plaintiff argues that the ALJ did not comply with agency regulations in explaining the opinion's consistency—or lack thereof—with the rest of the record. (*Id.* at #1024) Second, Plaintiff argues that the ALJ erred in evaluating each of the state agency psychologists' opinions by conflating the amount of time spent interacting with people and the relative quality of social interactions. (*Id.* at #1028–29). In opposition, the Commissioner argues that either the ALJ did not commit these errors or, if he did, they were harmless. (Def.'s Opp'n to Statement of Specific Errors, Doc. 10, #1037).

The Magistrate Judge agreed with Plaintiff's characterization of the ALJ's decision, at least for the first claimed error. (Doc. 13, #1066–67). The R&R proposes to reverse and remand because the ALJ did not follow the SSA's rules for evaluating medical opinions when discussing the persuasiveness of Dr. Tanley's opinion. (*Id.* at #1067–68); *see also* 20 C.F.R. § 404.1520c (establishing rules for evaluating medical opinions and prior administrative medical findings). The Magistrate Judge did not reach Plaintiff's second specified error because his decision on the first was sufficient to support a reversal of the Commissioner's judgment. (Doc. 13, #1066). Nobody objected to the R&R, so with that, the matter is ripe for review.

## LEGAL STANDARD

A party faced with an adverse R&R from a Magistrate Judge has fourteen days from service to object. Fed. R. Civ. P. 72(b)(2). The Court reviews de novo any part of the decision to which a party has properly objected. Fed. R. Civ. P. 72(b)(3). But for

any unobjected portions of an R&R, a different standard applies. The Court merely must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, advisory committee's note to subdivision (b) (1983); *see also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Here, neither party objected to the R&R, and the time to do so has passed. So the Court reviews the R&R only for clear error.

But that is not the only standard of review at play here. Judicial review of the Commissioner's decisions is constrained by statute. 42 U.S.C. § 405(g). And that deference extends to an ALJ's decision that the Commissioner has adopted. In such cases, courts are "limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Napier v. Comm'r of Soc. Sec.*, 127 F.4th 1000, 1004 (6th Cir. 2025) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). The evidentiary bar the ALJ's decision must surmount is "not high." *Biestek*, 587 U.S. at 103. That said, even if substantial evidence supports the ALJ's decision, the Court must reverse if "the SSA fails to follow its own regulations" and "that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v.*

*Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

To put all that together, since nobody objected here, this Court reviews the R&R to assess whether the Magistrate Judge clearly erred in determining whether (1) the ALJ's decision applied the correct legal standards (including the SSA's own regulations), and (2) substantial evidence supported the ALJ's decision.

## LAW AND ANALYSIS

For Social Security disability benefits, a disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which … has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). As noted above, the SSA developed an eight-step analysis to tell whether an individual who the SSA previously determined was disabled remains so. *See* 20 C.F.R. § 404.1594(f). As relevant here, a claimant must have one or more severe, medically determinable physical or mental impairments. *Id.* The SSA considers some impairments, listed in a regulatory appendix, so severe that they automatically entitle a claimant to benefits. *See id.* § 404.1594(f)(2); *id.* subpt. P, app. 1. A claimant without a listed impairment or its equivalent can still get benefits if their condition has not improved relevant to their working ability since they were last awarded benefits. *Id.* § 404.1594(f)(3). And the SSA will continue benefits—even if a claimant's ability to work (measured by their RFC) has increased—if their condition remains severe and they are unable to return to past work or adjust to other work. *Id.* § 404.1594(f)(6)–(8).

Plaintiff challenges two aspects of the ALJ's application of that test: one based on SSA procedural regulations, and one based on the ALJ's substantive assessment of the evidence. (Doc. 9, #1018). Because the Court agrees with the R&R that Plaintiff's procedural challenge succeeds and that reversal and remand are justified, it reaches only that issue.

**A. The Magistrate Judge did not clearly err in concluding that the ALJ's Decision Failed to Comply with SSA Regulations.**

SSA regulations govern how an ALJ performing an RFC assessment under the above analysis must consider evidence and articulate their decision. *See* 20 C.F.R. § 404.1520. And there are special rules for evidence of medical opinions and prior administrative medical findings. *Id.* § 404.1520c. First, rather than defer to any medical opinion or assign it "specific evidentiary weight," the ALJ must consider its persuasiveness according to the factors in § 404.1520c(c). *Id.* § 404.1520c(a). That is, the ALJ must consider (1) the supportability of the opinion by objective medical evidence and supporting explanations, (2) the consistency of the opinion with other record evidence, (3) the relationship between the medical source (the person giving the opinion) and the claimant, (4) the specialization of the medical source, and (5) other circumstances that tend to support or contradict the opinion. *Id.* § 404.1520c(c).

Section 404.1520c's articulation requirement is slightly different. While the ALJ must think about all those factors when performing the continuing-disability analysis, he need only discuss "the two most important factors"—supportability and consistency—in the explanatory notice of his decision. *Id.* § 404.1520c(b)(2); *see also*

42 U.S.C. § 405(b)(1). But in discussing the two factors ALJs must explain how they considered each of them in enough detail "to provide sufficient rationale for a reviewing adjudicator or court" to test their decision. *Farrah W. v. Comm'r of Soc. Sec.*, No. 3:22-cv-374, 2024 WL 514496, at *8 (S.D. Ohio Feb. 9, 2024) (quoting Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5858 (Jan. 18, 2017)). It is not a magic-words requirement—the ALJ need not explicitly name the two factors in his decision, but he must explain their effect on his analysis. *Andrew E. v. Comm'r of Soc. Sec.*, No. 2:24-cv-276, 2025 WL 724606, at *4 (S.D. Ohio Mar. 6, 2025) ("[M]agic words" are not required "so long as [the ALJ] has explained how those two 'most important' factors were considered in determining the persuasiveness of each opinion.").

Plaintiff challenges the ALJ's articulation of the consistency factor in his evaluation of Dr. Tanley's opinion. And, in fairness to plaintiff, little of the ALJ's analysis relates to consistency:

> After his evaluation, Dr. Tanley provided a "functional assessment" in which he indicated that the claimant had some limitations across several broad areas of mental functioning that broadly correspond to the Paragraph B criteria. This report is somewhat persuasive to the extent that Dr. Tanely [sic] provided rationale citing the claims raised during his evaluation and the record does support some limitations in the areas denoted. However, Dr. Tanley appears to have relied on the claimant's subjective claims as his clinical findings were essentially unremarkable at the time. Then Dr. Tanley's assessment is also overly vague as he did not identify any specific restrictions or even the general severity of restrictions for the areas noted.

(Doc. 8, #44–45). Only the conclusions that "the record does support some limitations in the areas denoted" and "his clinical findings were essentially unremarkable at the time" even reference other material from the record. (*Id.* at #45).

The Magistrate Judge concluded that this scant analysis did not comply with § 404.1520c's articulation requirement. (Doc. 13, #1069). It would be hard to call that determination clear error. Indeed, this Court and others across the Sixth Circuit have consistently required SSA adjudicators to articulate how they compared a medical source's opinion to specific pieces of record evidence. *See, e.g.*, *Farrah W.*, 2024 WL 514496, at *9 (section 404.1520c's articulation requirement not satisfied where ALJ relied on general references to "the record" to explain his decision); *Miles v. Comm'r of Soc. Sec.*, No. 3:20-cv-410, 2021 WL 4905438, at *5 (S.D. Ohio Oct. 21, 2021) (articulation requirement not satisfied because the ALJ did not refer to specific record evidence); *Westover v. Comm'r of Soc. Sec.*, No. 4:24-cv-2204, 2025 WL 2611399, at *9 (N.D. Ohio Sept. 9, 2025) ("To analyze inconsistency, the ALJ should have explained specific instances of inconsistency in the record, as opposed to a general statement concerning the record as a whole."); *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 909 (E.D. Mich. 2021) (ALJ must "explain in detail how the factors actually were applied in each case, to each medical source").

True, the ALJ's analysis refers to some record evidence. In partially discounting Dr. Tanley's opinion, the ALJ points out that Dr. Tanley's objective findings were "essentially unremarkable at the time." (Doc. 8, #45). And, as the ALJ earlier discusses Dr. Tanley's consultative examination and its basic findings, this would usually be enough to satisfy § 404.1520c(b)(2). (*See id.* at #43); *Madalynne E. H. v. Comm'r of Soc. Sec.*, No. 2:24-cv-4126, 2026 WL 764049, at *5 (S.D. Ohio Mar. 18, 2026) (the ALJ need not re-evaluate record evidence when discussing a medical

source's opinion) (citing *Booker R. v. Comm'r of Soc. Sec.*, No. 3:22-cv-170, 2023 WL 4247312, at *5 (S.D. Ohio June 29, 2023)). In that situation, a court can meaningfully review the ALJ's decision because it knows the ALJ's basic line of reasoning. *See Booker R.*, 2023 WL 4247312, at *5.

But here the Court has no way to discern the reasoning behind the ALJ's assessment that Dr. Tanley's opinion is "somewhat persuasive." (Doc. 8, #45). On the consistency front, that conclusion is supported only by a vague reference to "the record" as a whole. (*Id.*). So the Magistrate Judge did not clearly err in finding that the ALJ's analysis failed to articulate the consistency factor under § 404.1520c(b). It is true, as the Commissioner points out, (Doc. 10, #1037), that the ALJ summarized the evidence of Plaintiff's mental limitations elsewhere in his decision. But that is relevant only to harmless error (discussed below)—the SSA regulations themselves require more. They commanded the ALJ to "explain how he considered the consistency factor for a medical source's medical opinions in [Plaintiff's] determination or decision." 20 C.F.R. § 404.1520c(b)(2) (cleaned up). The Magistrate Judge did not clearly err in finding that the ALJ failed to do so.

In short, the Magistrate Judge did not clearly err in concluding here that the agency "failed to adhere to its own procedures." *Rabbers*, 582 F.3d at 654. So the Court must reverse unless that failure was harmless.

## B. The ALJ's Error Was Not Harmless.

That leaves the Commissioner's second argument for why the Court should uphold the ALJ's decision. The ALJ summarized the relevant record evidence in the

decision and, according to the Commissioner, substantial evidence supported the decision. Thus, the argument goes, the ALJ's failure to explain his evaluation of Dr. Tanley's opinion is harmless error. (Doc. 10, #1037). The Court disagrees. Even if the Court were to grant the premise that the ALJ's decision was supported by substantial evidence, the Magistrate Judge did not clearly err in concluding that his violation of § 404.1520c was not harmless. (*See* Doc. 13, #1069).

The starting point is well settled—courts generally will not remand for correction of harmless errors. Stated differently, "an agency's violation of its procedural rules will not result in reversible error absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." *Connor v. U.S. Civ. Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983). Courts need not "convert judicial review of agency action into a ping-pong game" where "remand would be an idle and useless formality." *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969) (plurality opinion).

Sometimes, though, when an ALJ violates an agency-created procedural right, that automatically deprives a person of substantial rights. So, for example, regulations "intended primarily to confer important procedural benefits upon individuals" give parties before the agency a substantial right. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004) (quoting *Am. Farm Lines v. Black Ball Freight Serv.*, 397 U.S. 532, 538 (1970)). For such regulations, "it is incumbent upon agencies to follow their own procedures … even where the internal procedures are possibly more rigorous than otherwise would be required." *Id.* (quoting *Morton v.*

*Ruiz*, 415 U.S. 199, 235 (1974)). On the other hand, the Commission sometimes adopts procedural rules merely "for the orderly transaction of business." *Id.* (quoting *Am. Farm Lines*, 397 U.S. at 539). As to this latter category of rules, courts can excuse violations so long as substantial evidence supported the agency's decision. *Id.*; *see also, e.g.*, *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 365–66 (6th Cir. 2014).

The Magistrate Judge did not clearly err in holding that § 404.1520c's articulation requirement falls in the first camp. Indeed, *Wilson* held that the predecessor articulation requirement from the pre-2017 regime, which imposed a give-good-reasons rule, created a substantial procedural right. *Id.*; *see also* 20 C.F.R. § 404.1527(c)(2) (mandating that adjudicators "give good reasons" for the weight they give a claimant's treating source's medical opinion). This was because the rule existed "to let claimants understand the disposition of their cases," to "ensure that [the ALJ] applies the treating physician rule," and to permit "meaningful review of the ALJ's application of the rule," all of which implicate "important procedural rights." *Wilson*, 378 F.3d at 545–47. Those same concerns also underlie the requirements of the new § 404.1520c(b)(2). *See* 42 U.S.C. § 405(b)(1); Revisions to Rules Regarding the Evaluation of Medical Evidence, *supra*, at 5854, 5858 (articulation requirements will "provide individuals with a better understanding of our determinations and decisions" and "provide sufficient rationale for a reviewing adjudicator or court"); *see also Hardy*, 554 F. Supp. 3d at 908 (applying *Wilson* to § 404.1520c(b)(2)).

The meaningful review point is especially important. Articulation is what allows a court to meaningfully review the ALJ's application of the supportability and

consistency factors. Without a § 404.1520c(b)(2)-compliant explanation of the ALJ's reasoning, courts are hard-pressed to assess whether and how the ALJ performed the analysis that § 404.1520c(a) requires. That is the same purpose the former good-reasons requirement served: "If an ALJ rejects a treating physician's opinion but gives no reasons for doing so, it is difficult for a reviewing court to conduct its own analysis and make a judgment as to what the ALJ's reasons would have been." *Rabbers*, 582 F.3d at 657. And as to the good-reasons rule, putting aside de minimis violations—such as where the opinion was "so patently deficient that the Commissioner could not possibly credit it"—courts did not treat violations as harmless. *Id.* (quoting *Wilson*, 378 F.3d at 547); *see also Hardy*, 554 F. Supp. 3d at 908. The same should be true for violations of § 404.1520c(b)(2).

The Commissioner's reliance on *Crum v. Commissioner of Social Security*, 660 F. App'x 449 (6th Cir. 2016), does not change that result. (Doc. 10, #1037). *Crum* held harmless an ALJ's misstatement of a claimant's IQ scores and the claimant's age when they were taken, as well as the ALJ's failure to include certain scores, in a determination that appendix 1 did not cover the claimant's disability. 660 F. App'x at 455. The claimant's true IQ score also would not have qualified, and correcting the age would have been irrelevant to the score's admissibility. *Id.* For the absent score, the error was harmless because the ALJ had already included a different score that qualified under appendix 1. *Id.* Calculation or listing errors of that kind typically can be excused if the ALJ's decision is supported by substantial evidence. *Compare Rabbers*, 582 F.3d at 656–57 (requirement that the ALJ "rate the degree of functional

limitation" resulting from mental impairments is subject to straightforward harmless error analysis because in most cases the rating will be easily determinable from concrete record evidence), *and Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014) (the same for listings 1.02 and 1.03 in appendix 1), *with Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011) (complete omission to evaluate evidence and compare it to the criteria in listing 1.00 precluded a finding of harmless error because it frustrated "meaningful judicial review"). Failing the articulation requirement in contrast will almost always disable a court from meaningfully reviewing the ALJ's decision. After all, the core of the requirement is that the ALJ provide sufficient explanation for a reviewing court to "trace the path of the adjudicator's reasoning." Revisions to Rules Regarding the Evaluation of Medical Evidence, *supra*, at 5858.

One last point. Even for substantial procedural rights, a limited form of harmless error review applies. *See Wilson*, 378 F.3d at 547. Two of *Wilson*'s three exceptions to its holding that the good-reasons rule could not be harmless could apply only to the treating physician rule itself. *See id*. But a court faced with a § 404.1520c(b)(2) violation can affirm if the medical opinion is "so patently deficient that the Commissioner could not possibly credit it." *Id*. Here, however, the ALJ classified Dr. Tanley's opinion as "somewhat persuasive," (Doc. 8, #45), so the exception for "patently deficient" opinions could not apply. In these circumstances, the Court cannot hold the ALJ's error harmless.

* * *

In sum, the Magistrate Judge did not clearly err in holding that the ALJ's analysis of Dr. Tanley's opinion failed to comply with SSA rules for evaluating medical opinions by insufficiently discussing the consistency of that opinion with the record. And he did not clearly err in refusing to hold that failure harmless because the articulation requirement creates a substantial procedural right. So the Court must adopt the R&R and thus reverse the Commissioner's decision.

## CONCLUSION

The Court **ADOPTS** the R&R (Doc. 13), **REVERSES** the Commissioner's decision, and **REMANDS** the case to the SSA. The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter from the docket.

**SO ORDERED.**

August 26, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**